### R. N. MILLER *v.* THE STATE.

1. DISTRICT ATTORNEY. *Commissions. Forfeited bonds. Code 1880, § 257.*

   Section 257, code 1880, allowing district attorneys a commission of five per cent. on all sums collected on judgments on "forfeited bonds and recognizances," has reference only to *appearance* bonds and recognizances.

2. SAME. *Recovery on official bonds. Compensation not allowed.*

   District attorneys are not entitled, under the code of 1880, to commissions or special compensation for sums collected by them on bonds of public officers.

3. ATTORNEY-GENERAL. *Authority to sue. Bond of state treasurer.*

   Suit in behalf of the state on the bond of the state treasurer may be brought by the attorney-general of his own motion, without the cooperation of the district attorney. Code 1880, § 247.

FROM the chancery court of the first district of Hinds county.

HON. H. C. CONN, Chancellor.

Appellant, R. N. Miller, district attorney, in conjunction with the attorney-general, instituted an action in the name of the state, in the circuit court of Hinds county, against the bond of W. L. Hemingway, former state treasurer. It was deemed necessary to transfer the litigation into the chancery court, and, pending the suit, a receiver was appointed by that court. The suit was conducted throughout jointly by the attorney-general and the district attorney, and a final decree was rendered in favor of the state against the said Hemingway and the sureties upon his bond for his last term of office for $80,000. More than half of this sum has been collected and turned over to the state. The district attorney presented his petition to the chancery court, asking that the receiver be required to pay him five per cent. commissions on the entire sum collected on the decree, and now appeals from the order refusing his petition.

By § 247 of the code of 1880 it is provided that if the state treasurer shall misapply, waste, or embezzle any money, stock, securities, or other property in the treasury, it shall be the duty of the attorney-general to bring suit on the bond of such treasurer in the circuit court of the county where the seat of government is situated. By § 252 it is made the duty of the attorney-general to represent the state as counsel in all suits against the state in other courts than the supreme court at the seat of government, and in like manner to act as counsel for any of the state officers in suits brought by or against them in their official capacity touching any official duty or trust, and triable at the seat of government. By § 256 it is made the duty of district attorneys to appear and prosecute for the state, in their respective districts, in all criminal prosecutions and in all civil cases in which the state or any county within their respective districts may be interested.

The compensation asked for in this case is claimed under § 257 of said code, by virtue of the provision which is quoted in the opinion of the court.

*Brame & Alexander* and *R. N. Miller*, for appellant.

*T. M. Miller, attorney-general,* for the state.

CAMPBELL, C. J., delivered the opinion of the court.

The words, "and each district attorney shall be allowed five per centum on all sums of money collected on judgments obtained by him on forfeited bonds or recognizances, the state in no case to be responsible for the same," found in § 257 of the code of 1880, entitled that officer to the commissions specified on money collected on a particular class of obligations to the state, viz.: "forfeited bonds or recognizances"—that is, bonds or recognizances for the appearance of parties before some officer or court in the various states of case provided for by divers statutes, in which the expression usually employed is "bond or recognizance," so that the clause, "forfeited bonds or recognizances," plainly had reference to this particular class of securities with which the district attorneys had to deal in the performance of official duty. This provision first became law by the code of 1871, § 215, and was designed to stimulate effort to collect forfeitures due on bonds or recognizances for appearance, which usually resulted in little more than judgment and execution with return of *nulla bona,* which terminated the effort to collect. The allowance is not on all sums of money collected in suits for indebtedness the district attorney is required to institute and prosecute, but it is on a specified class of obligations that he is entitled to a per centum; and, looking through the code, it is seen that the expression, "bond or recognizance," is used to designate one particular class of liabilities incurred to the state. These are appearance bonds or recognizances, on which suits are not brought as on ordinary bonds, but on failure of the party to appear the bond or recognizance is "forfeited," and judgment *nisi* entered with *scire facias,* and judgment final.

The language quoted above is fitly chosen for the purpose,

and is fully satisfied by the application we make of it, so as to allow district attorneys five per cent. on all sums of money collected on judgments they obtain on forfeited bonds or recognizances given for appearance in judicial proceedings of some kind, and to deny it in any other cases. One curious enough to investigate, as we have done, will discover that the expression, " bond or recognizance," in singular or plural form, is used sixty or seventy times in the code, and always as applied to the matters we have mentioned above as being the proper application, while in no instance is the " bond " required of any officer, whether state, county, or district, spoken of by any other designation than as a " bond." The terms, " bond or recognizance," have thus acquired a fixed meaning from use in the statutes; and when it was declared that a per centum should be had, not on all money collected in suits prosecuted by district attorneys in the discharge of duty, but " on all sums of money collected on judgments obtained by him on forfeited bonds or recognizances," it is plain that reference was had to the particular class of obligations indicated by the oft-repeated designation mentioned, and that official bonds were not embraced. As to them, suits are to be instituted and prosecuted as matter of official duty, without any special compensation.

This view disposes of the case; but we deem it proper to add that we agree with the chancellor in his view that the suit was rightly brought and prosecuted by the attorney-general, and that the assent or co-operation of the district attorney was not required.

*Affirmed.*